IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DELORES J. WILSON,
    Plaintiff,

vs.                                      CASE NO.: 5:07cv46/RS/MD

MICHAEL J. ASTRUE
Commissioner of Social Security,
    Defendant.
_____

**REPORT AND RECOMMENDATION**

    This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 17). The plaintiff does not oppose the motion according to the certification of the defendant.

    Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate to direct an Administrative Law Judge to properly formulate plaintiff's residual functional capacity (RFC). The ALJ will pay particular attention to the opinions of the treating physicians, Drs. Williams and Derbes, which limited the usage of plaintiff's upper extremities. The ALJ should further be instructed to specify which portions of the opinions she is giving controlling weight to and properly discount the portions of those opinions which she is not giving controlling weight. Further, the ALJ, in

light of the properly formulated RFC finding, should re-evaluate if plaintiff can perform her past relevant work.  Good cause has been shown for remand.

Accordingly, it is RECOMMENDED as follows:

1.	That the defendant's motion to remand (doc. 17) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2.	That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.	That defendant be ordered to direct the Administrative Law Judge to properly formulate plaintiff's residual functional capacity (RFC). The ALJ will pay particular attention to the opinions of the treating physicians, Drs. Williams and Derbes, which limited the usage of plaintiff's upper extremities.  The ALJ should further be instructed to specify which portions of the opinions she is giving controlling weight to and properly discount the portions of those opinions which she is not giving controlling weight.  Further, the ALJ, in light of the properly formulated RFC finding, should re-evaluate if plaintiff can perform her past relevant work.

4.	This court should also retain jurisdiction, and order the Commissioner to file a status report no later than ninety (90) days from the date the court accepts this recommendation, and every thirty (30) days thereafter, until the matter is resolved.

DONE AND ORDERED this 19th day of September, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**